IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEISHA SIMMONDS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 16-0365-SLR |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

At Wilmington this 22nd day of February, 2017, having reviewed defendant's motion to enforce the parties' settlement agreement and the papers submitted in connection therewith, the court issues its decision based on the following reasoning:

1. **Introduction.** On May 16, 2016, Keisha Simmonds ("plaintiff") filed an action pursuant to the Federal Torts Claim Act, 28 U.S.C. § 1346(b), against the United States of America ("defendant"). The parties reached an agreement during a settlement conference, presided over by Magistrate Judge Fallon, on November 7, 2016. (D.I. 11 at 2) Plaintiff subsequently refused to sign the written agreement, and defendant filed a motion to enforce the settlement agreement. (D.I. 10) The court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(2).

2. **Background.** On April 15, 2014, plaintiff slipped on a wet floor in a federal building in Wilmington, Delaware. (D.I. 1 at ¶ 4) Plaintiff alleges that defendant knew or should have known that the floor was wet, and she suffered injuries to her back, right shoulder, buttocks, and leg as a result of defendant's alleged negligence. (Id. at ¶¶ 6a, 7) Plaintiff sued under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). She sought

damages in relation to past and future medical expenses and associated costs. (*Id.* at ¶ 9) On September 15, 2016, the case was referred to Magistrate Judge Fallon to explore alternative dispute resolution and, after speaking with the parties on October 12, 2016, Magistrate Judge Fallon issued an order scheduling a settlement conference for November 7, 2016. (D.I. 11 at 1)

3. At the November 7, 2016 settlement conference, Magistrate Judge Fallon explained the settlement negotiation process, and she directed each party to make a statement concerning the case. (D.I. 11 at 2) Following the statements, the parties engaged in a five-hour long negotiation during which a series of offers and counteroffers were made. (*Id.*) The parties ultimately agreed that defendant would pay plaintiff $34,400 in exchange for a full release of all of plaintiff's claims, dismissal of the case, and indemnification by plaintiff against any future litigation. (*Id.*)

4. Following this agreement, Magistrate Judge Fallon met with the parties to detail the settlement terms and ensure that both parties fully understood them. (*Id.* at 3) The following day, defendant's counsel emailed the settlement agreement to Lawrence Ramunno, plaintiff's counsel. (*Id.*) Mr. Ramunno notified defendant's counsel that plaintiff refused to sign the agreement. (*Id.*) Plaintiff believed that there was no agreement until a written document was signed. (D.I. 13 at 3) Defendant subsequently filed a motion to enforce the settlement agreement. (D.I. 10)

5. **Standard of Review.** A district court has jurisdiction to enforce a settlement agreement entered into by litigants in a case pending before it. *See Hobbs & Co. v. Am. Investors Mgmt., Inc.*, 576 F.2d 29, 33 & n. 7 (3d Cir. 1978). Because motions for the enforcement of settlement agreements resemble motions for summary judgment,

2

the court must employ a similar standard of review. See Tiernan v. Devoe, 923 F.2d 1024, 1031–32 (3d Cir. 1991). Accordingly, the court must treat all the non-movant's assertions as true, and "when these assertions conflict with those of the movant, the former must receive the benefit of the doubt." Id. at 1032 (internal quotation and citation omitted). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Courts should not summarily enforce purported settlement agreements in the absence of an evidentiary hearing where material facts concerning the existence or terms of an agreement to settle are in dispute. See Tiernan, 923 F.2d at 1031 (quoting Garabedian v. Allstates Eng'g Co., 811 F.2d 802, 803 (3d Cir.1987)).

6. **Analysis.** To enforce a settlement agreement, the court must follow contract principles set forth by Delaware state law. Leonard v. University of Delaware, 204 F.Supp.2d 784, 787 (D. Del. 2002). Under Delaware law, parties enter into a contract when "a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms." Maya Swimwear Corp. v. Maya Swimwear, LLC, 855 F.Supp.2d 229, 234 (D. Del. 2012) (quotations and citations omitted). In the context of a settlement agreement, the agreement is binding if "a reasonable negotiator in the position of one asserting the existence of a contract would have concluded... that the agreement reached constituted agreement on all of the terms that the parties themselves regarded as essential and thus that that agreement concluded the negotiations and formed a contract." Id.

7. Here, defendant made an offer of $34,400 in exchange for plaintiff's release

3

of all claims, dismissal of the case, and indemnification by plaintiff against any future litigation. (D.I. 12 at ¶ 6) The parties entered this agreement at the settlement conference on November 7, 2016, which was presided over by Magistrate Judge Fallon. (Id. at ¶ 4) Following the agreement, Magistrate Judge Fallon met with both parties to ensure that they fully understood and agreed to the terms. (Id. at ¶ 7) Based upon the settlement conference and meeting with Magistrate Judge Fallon, the court concludes that the parties objectively intended and assented to be bound by the terms set forth in the November 7 settlement conference.

8. Plaintiff argues that the parties had not come to an agreement during the November 7 conference because a signed release was required before the settlement was enforceable. (D.I. 13, affidavit ¶ 9) Under Delaware law, a contract is not enforceable if the parties agreed that it was contingent on drafting and signing a written document. *Anchor Motor Freight v. Ciabattoni*, 716 A.2d 154, 156 (Del. 1998). Here, there is no indication that the parties agreed that the settlement was contingent on a written document being signed by the parties. Plaintiff contends that the settlement was contingent on her signing the agreement, yet she does not offer any evidence to support this. (D.I. 13 at 3) Even if plaintiff did believe that the agreement was contingent on her signing the release, it would be a mistaken assumption because the parties had not agreed to such a contingency. Therefore, the court concludes that the settlement agreement was not contingent on a written document being signed by the parties, and the parties' agreement at the November 7 settlement conference is binding.

9. **Conclusion.** For the reasons set forth above, the court grants defendant's

motion to enforce its settlement agreement with plaintiff, consistent with the essential terms of the agreement set forth during the November 7, 2016 settlement conference. An appropriate order shall issue.

                                                                       _____
                                                                       Senior United States District Judge